# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-05064-DGK |
| | ) | (Crim. No. 3:09-05031-CR-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

On November 17, 2009, Movant Michael Smith pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Although the offense generally carries a maximum term of imprisonment of ten years, *see* 18 U.S.C. §§ 922(g), 924(a)(2), the Court was required to sentence Movant to a mandatory minimum fifteen-year sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §§ 924(e)(1), once it found Movant's three prior Missouri burglary convictions qualified as violent felonies.

In the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Eighth Circuit granted Movant permission to file a second motion[1] to litigate whether his prior burglary convictions do, in fact, qualify as violent felonies under the ACCA. After the parties submitted their initial round of briefs, several relevant decisions have been released.

In light of the Eighth Circuit Court of Appeal's recent decisions in *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016), and *United States v. Phillips*, — F.3d —, 2017 WL 1228563 (8th Cir. 2017), the Court directs the parties to submit additional briefing on the question of whether Movant's two prior second-degree burglary convictions of "an inhabitable structure" were "of a building" and thus qualify as violent felonies under the ACCA. The Court specifically directs

---
[1] Movant previously filed a § 2255 motion which the Court denied.

the parties to discuss whether it can be shown via *Shepard* documents,[2] or otherwise, that Movant's second-degree burglary convictions were for burglarizing "a building." *See Phillips*, 2017 WL 1228563, at *3 (noting the Government argued that reference to a physical street address, together with the description of it as inhabitable, demonstrates from the face of the charging document that the defendant was charged with unlawfully entering a building). The parties should not brief whether Movant has procedurally defaulted his claim.

The Court recognizes it may take some time to gather the relevant *Shepard* documents. Accordingly, the Government's brief shall be filed on or before June 12, 2017. Movant's brief shall be filed on or before July 3, 2017. Neither brief shall exceed ten pages, exclusive of exhibits such as *Shepard* documents.

**IT IS SO ORDERED.**

Date:  May 1, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] By *Shepard* documents, the Court means that limited class of documents, including the charging document, plea agreement, or the plea colloquy, which the Court may use to determine whether Movant burglarized a building. *See Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Shepard v. United States*, 544 U.S. 13, 26 (2005).