IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-05064-DGK |
| | ) | (Crim. No. 3:09-05031-CR-DGK) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER GRANTING MOTION FOR POSTCONVICTION RELIEF

In 2010, Movant Michael Smith pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the Court sentenced him to 180 months' imprisonment under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). Now before the Court is Movant Michael Smith's "Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255" (Doc. 1) filed in the wake of *Johnson v. United States*, 135 S.Ct. 2551 (2015).

Movant argues his prior Missouri convictions for second-degree burglary are not convictions which fall within the enumerated offense clause of the ACCA, and so his sentence was in excess of the maximum authorized by law. Holding that the motion is not procedurally defaulted and Movant does not have three prior ACCA qualifying convictions, the motion is GRANTED.

**Background**

On October 18, 2009, Movant got into a heated argument with another man and retreated into his apartment. When the man forced his way through the door, Movant killed him with a shotgun. The Missouri State Highway Patrol determined the shooting was self-defense, but

arrested Movant for being a felon in possession of a firearm. Movant subsequently pled guilty in federal court to one count of being a felon in possession of a firearm.

The ACCA increases the range of punishment in felon-in-possession cases from a maximum punishment of 120 months' imprisonment to a minimum of 180 months' imprisonment up to a maximum punishment of life imprisonment. 18 U.S.C. § 924. The ACCA applies to any defendant who has three prior convictions for a "violent felony or serious drug offense."

The statute defines a "violent felony" as any felony that

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subsection (i) is known as the "force" clause; the phrase "burglary, arson, or extortion" is known as the "enumerated offenses" clause; and the italicized phrase is known as the "residual" clause. *Johnson*, 135 S.Ct. 2555-56.

The Court sentenced Movant on November 30, 2010. The Court accepted the Presentence Investigation Report's ("PSR") conclusion that Movant's two prior Missouri convictions for second-degree burglary (which were for convictions for burglary of an inhabitable structure) and a third Missouri conviction for first-degree burglary qualified as violent felonies under ACCA. Neither the PSR nor the Court identified the clause under which Movant's convictions qualified as violent felonies. Although Movant's advisory sentence under the Guidelines was 135 to 168 months' imprisonment, the Court sentenced Movant to the mandatory minimum 180 months' imprisonment.

Movant did not file a direct appeal, but on November 21, 2011, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  This habeas petition raised three arguments, none of which questioned the legality of the ACCA or whether the prior convictions qualified as ACCA predicate offenses.  The Court denied it on April 25, 2012.

After the Supreme Court issued its decision *Johnson* holding the ACCA's residual clause was void-for-vagueness, 135 S.Ct. at 2563, the Eighth Circuit granted Movant permission to file a successive habeas petition.  Movant filed the pending motion on June 22, 2016.

**Standard**

Section 2255 allows a district court to "vacate, set aside or correct [a] sentence" which "the court was without jurisdiction to impose . . . or . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Movants are entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ."  *Id.* at 2255(b).

**Discussion**

**I.    The motion is not procedurally defaulted.**

Movant argues that in the wake of *Johnson* he no longer has three prior convictions that qualify as ACCA predicate offenses.  He contends the residual clause cannot apply because of *Johnson*, and his prior convictions for second-degree burglary do not qualify as convictions under the enumerated offense clause.

The Government responds that Movant's convictions qualified as violent felonies under the enumerated offenses clause at the time he was sentenced in 2010.  The Government acknowledges that the Supreme Court ruled in *Mathis v. United States*, 136 S.Ct. 2243 (2016), that Missouri convictions for second-degree burglary of "inhabitable structures" do not qualify as

---
[1] Case number 3:11-cv-05113-DGK.

violent felonies under the ACCA's enumerated felonies clause, but notes Movant did not raise this argument in his second habeas petition, and *Mathis* does not apply retroactively.[2] The Government contends Movant has procedurally defaulted on this claim by not raising at sentencing or on direct appeal.

The Government's argument is problematic because in order for the claim to be a *Mathis* claim as it alleges, Movant had to be sentenced under the enumerated offenses clause, and the record is silent as to what clause the Court used to enhance Movant's sentence. Although the Eighth Circuit has not addressed whether habeas relief is available when a court cannot determine whether a habeas movant was found ACCA eligible under the residual clause or the enumerated clause, courts in this circuit have generally held that "the better approach [is] to find relief [is] available, because the Court may have relied on the unconstitutional residual clause." *Maxwell v. United States*, No. 1:16CV00249-ERW, 2017 WL 690948, at *1 (E.D. Mo. Feb. 21, 2017); *Johnson v. United States*, No. 4:16-CV-0649-NKL, 2016 WL 6542860 at *2 (W.D. Mo. Nov. 3, 2016). Consequently, the Court holds relief is available to Movant under *Johnson*, and so it will analyze the merits of his petition.[3] *Maxwell*, 2017 WL 690948, at *2.

**II.  Movant does not have three prior qualifying convictions.**

Turning to the merits, the Court notes that the force clause does not apply to any of Movant's prior convictions, and the residual clause cannot apply because of *Johnson*. This leaves the enumerated offense clause as the only source of possible ACCA qualifying convictions. To its credit, the Government has conceded that it cannot demonstrate that one of

---

[2] *United States v. Taylor*, 672 F. App'x 860, 864 (10th Cir. 2016) (noting courts applying *Mathis* have consistently held it did not announce a new substantive rule that is retroactively applicable to cases on collateral review).

[3] Other courts in this circuit have reached the same conclusion using a different rationale, holding relief is available under *Johnson* because it is *Johnson*'s invalidation of the residual clause that made it possible for the movant to argue he is no longer ACCA eligible. *See Holman v. United States,* No. 4:16-CV-838-CDP, 2017 WL 2438821, at *2 n.1 (E.D. Mo. June 6, 2017); *Reeves v. United States*, No. 16-03078, 2017 WL 1532605, at *3 (W.D. Mo. April 27, 2017); *Redd v. United States*, No. 4:16-CV-1665-CAS, 2017 WL 633850, at *3 (E.D. Mo. Feb. 16, 2017).

4

Movant's second-degree burglary convictions qualifies as a predicate offense. Supp. Resp. at 6 (Doc. 11). Therefore, Movant has not committed at least three qualifying ACCA felonies and he is not eligible for a sentencing enhancement under the ACCA, making his 180 months' "sentence . . . in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). Therefore, the Court must grant the extraordinary relief offered by § 2255(b) and vacate it. *See id.* § 2255(b) ("If the court finds that . . . the sentence imposed was not authorized by law . . . the court shall vacate and set the judgment aside and shall . . . resentence [the movant].").

## Conclusion

For the foregoing reasons, Movant's "Second or Successive Motion to Correct Sentence Under 28 U.S.C. § 2255" (Doc. 1) is GRANTED. The judgment and commitment in *United States v. Michael Smith*, 3:09-CR-5031-DGK (W.D. Mo. filed Dec. 2, 2010) (Doc. 29) is VACATED.

The Court ORDERS the U.S. Probation and Pretrial Services Office to prepare an updated presentence investigation report on Movant. Movant is granted a new sentencing hearing, to be set in a subsequent order.

Because the PSR calculated Movant's guideline range above the 120 month maximum sentence, Movant shall remain in custody until the sentencing hearing.

**IT IS SO ORDERED.**

Date:  February 2, 2018                       /s/ Greg Kays
                                                             GREG KAYS, CHIEF JUDGE
                                                             UNITED STATES DISTRICT COURT